# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| VICKIE M. COBLE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 7:12-cv-00197 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | By: Hon. Robert S. Ballou |
| Commissioner of Social Security, | ) | United States Magistrate Judge |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Vickie M. Coble ("Coble") filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled and therefore not eligible for disability insurance benefits ("DIB") under the Social Security Act ("Act") 42 U.S.C. §§ 401-433. Specifically, Coble alleges that the Commissioner (1) erred in finding that she did not meet or equal Listing 5.05 (chronic liver disease), and (2) improperly rejected the opinion of her treating physician.

This court has jurisdiction pursuant to 42 U.S.C. § 405(g). This case is before me by referral pursuant to 28 U.S.C. § 636(b)(1)(B). The case is ripe for decision. I have carefully reviewed the administrative record, the legal memoranda, the argument of counsel, and the applicable law. I conclude that the Commissioner's analysis as to whether Coble's medical condition met or equaled Listing 5.05 is not sufficient to allow for meaningful judicial review, and therefore conclude that substantial evidence does not support the ALJ's decision. As such, I **RECOMMEND DENYING** the Commissioner's motion for summary judgment (Dkt. No. 21), **GRANTING IN PART** Coble's motion for summary judgment (Dkt. No. 15), and reversing and

remanding this case for further administrative consideration consistent with this Report and Recommendation.

**I.**

Section 405(g) of Title 42 of the United States Code authorizes judicial review of the Commissioner's denial of social security benefits. Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). This court limits its review to a determination of whether substantial evidence exists to support the Commissioner's conclusion that the claimant failed to demonstrate that he was disabled under the Act. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations omitted). The final decision of the Commissioner will be affirmed where substantial evidence supports the decision. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The plaintiff bears the burden of proving that she suffers under a "disability" as that term is interpreted under the Act. English v. Shalala, 10 F.3d 1080, 1082 (4th Cir. 1993) (citing 42 U.S.C. § 423(d)(5)). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects her ability to perform daily activities or certain forms of work. Rather, the claimant must show that her impairments prevent engaging in any and all forms of substantial gainful employment given the claimant's age, education, and work experience. See 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner uses a five-step process to evaluate a disability claim. Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). The Commissioner asks, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment;[1] (4) can return to her past relevant work; and if not, (5) whether she can perform other work. Heckler v. Campbell, 461 U.S. 458, 460-462 (1983); Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1520). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. The burden shifts to the Commissioner at the fifth step to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

**II.**

**Vocational and Medical History**

Coble was born March 28, 1954. R. 66. She has a high school education and has worked as a long distance operator, a secretary, a gas station clerk, doing car repair, and as a bookkeeper. R 72, 90-95, 308-313, 316-46. She stopped working in 1998. Her date last insured is June 30, 2001. R. 20. Coble has a history of heavy alcohol use and a history of intravenous drug use in the 1970s. R. 398. She has experienced significant liver problems. She was diagnosed with hepatitis C on October 6, 1998, by Dr. James Mann, a gastroenterologist. A December 4, 1998,

---

[1] A "listed impairment" is one considered by the Social Security Administration "to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a).

liver biopsy was consistent with chronic hepatitis C. R. 115, 125-26, 155. On March 23, 1999, Dr. Mann began Coble on Ribavirin and Interferon treatment for her hepatitis C. R. 124. Coble saw Dr. Mann again on May 20, 1999; Dr. Mann adjusted the dosage of her Interferon and Ribavirin, because she was experiencing fatigue, pain, and redness at the injection site, low platelet counts, and bone marrow abnormalities. R. 123. Coble continued to see Dr. Mann approximately every three months throughout 1999 for Interferon and Ribavirin treatment. R. 120-2. Dr. Robert McGuffin, a state agency physician, reviewed Coble's medical records on April 21, 2009, and indicated that Coble's Interferon and Ribavirin treatment stopped in May of 2005 and that Dr. Mann indicated in August 2008 that he would continue to follow up with Coble every six months. R. 578. The medical record further demonstrates that Coble continued to have liver issues after her date last insured. See, e.g., R. 360-364, 373-76, 390-96, 432-33, 484-95, 511-15, 518-20.

**Claim History**

This appeal consists of consolidated disability applications. Coble first applied for DIB on February 9, 2004, alleging a disability onset date of April 15, 1998. R. 66. The Commissioner denied Coble's application initially on October 27, 2004, R. 36-40, and upon reconsideration on December 3, 2004. R. 46-48.

Coble initially requested a hearing before an Administrative Law Judge ("ALJ") to review the Commissioner's denial of her application, but withdrew her request on September 4, 2005. R. 62-63. The ALJ thus dismissed her case. R. 196. On November 8, 2005, Coble appealed this dismissal to the Appeals Council. She submitted additional evidence for review, and further claimed that she had changed representatives and had not understood the ramifications of dismissing her request for a hearing. R. 211-212. On September 14, 2005, the

Appeals Council sent the additional evidence submitted to it to the Commissioner for review to determine whether this evidence would change the decision dated December 3, 2004 to deny disability benefits. R. 214-15.

Coble then filed a second application for DIB for the same period of disability on April 24, 2006. R. 199. On June 6, 2008, the ALJ consolidated both disability applications and remanded the consolidated case to the agency for evaluation of the additional medical evidence. R. 200. On April 7, 2009, the agency denied Coble's applications. R. 234-35. ALJ Steven A. De Monbreum then held a hearing on June 17, 2010, at which a medical expert and vocational expert testified. R. 590-622. At the hearing, Coble's counsel amended her alleged disability onset date to December 4, 1998. R. 594.

The ALJ issued his decision denying Coble's claim on July 23, 2010. R. 19-27. The ALJ found that Coble suffered from the severe impairments of hepatitis C and alcoholic liver, along with the non-severe impairment of depression. R. 22. The ALJ found that these impairments, either individually or in combination, did not meet or medically equal a listed impairment. R. 23. The ALJ further found that Coble has retained an RFC to frequently lift and/or carry ten pounds, occasionally lift and/or carry twenty pounds, stand and/or walk for twenty minutes at a time up to a total of three hours in an eight hour period, and sit for six hours in an eight hour period. The ALJ further found that Coble is unable to perform jobs which require climbing ladders, ropes, or scaffolds, involve exposure to hazards, or require more than occasional balancing, kneeling, crouching, crawling, stooping/bending, or climbing ramps/stairs. R. 23. Given this RFC, the ALJ found that during the relevant period, Coble was cable of performing her past relevant work as a secretary. R. 25. As such, the ALJ concluded that Coble is not disabled. R. 26.

Coble appealed the ALJ's decision to the Appeals Council, which denied the request for review on March 1, 2012, thus making the ALJ's decision the final decision of the Commissioner. R. 8-11. On April 27, 2012, Coble filed his complaint in this court seeking judicial review of the ALJ's decision (Dkt. No. 1).

### III.

Coble alleges that the ALJ erred in finding that she did not meet or equal Listing 5.05 (chronic liver disease). Listing 5.05, as it was in effect during the period of Coble's disability application (December 4, 1998 through June 30, 2001),[2] contains highly technical requirements based on objective medical measurements. See 20 C.F.R. Pt. 404, Subpt. P., App'x 1, § 5.05 (2001). For example, Listing 5.05D requires ascites, not attributable to other causes, recurrent or persisting for at least five months, demonstrated by abdominal paracentesis or associated with persistent hypoalbuminemia of 3.0 gm. per deciliter (100 ml.) or less. Listing 5.05F1 requires confirmation of chronic liver disease by liver biopsy and ascites not attributable to other causes, recurrent or persisting for at least three months, demonstrated by abdominal paracentesis or associated with persistent hypoalbuminemia of 3.0 gm. per deciliter or less. Listing 5.05F2 requires confirmation of chronic liver disease by liver biopsy and serum bilirubin of 2.5 mg. per deciliter or greater on repeated examinations for at least three months. Finally, Listing 5.05F3 requires confirmation of chronic liver disease by liver biopsy and hepatic cell necrosis or inflamation persisting for at least three months, documented by repeated abnormalities of prothrombin time and enzymes indicative of hepatic dysfunction. 20 C.F.R. Pt. 404, Subpt. P.,

---

[2] Listing 5.05 was substantially revised effective December 18, 2007. Revised Medical Criteria for Evaluating Digestive Disorders, 72 Fed. Reg. 59, 398-01 (Oct. 19, 2007) (to be codified at 20 C.F.R. Pts. 404 & 416). It remains highly technical.

6

App'x 1, § 5.05D-F3 (2001). If the ALJ determines at step three that a claimant meets or medical equals one of these very specific requirements, she is deemed disabled under the Act.

The ALJ's discussion at step three of the five step sequential disability analysis is, in full, as follows:

> Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> In reaching this conclusion, the undersigned has considered the requirements of Section 5.05 (as that Section was in effect from December 4, 1998 through June 30, 2001) of the Listing of Impairments contained in 20 CFR Part 404, Appendix I to Subpart P. However, the objective medical evidence of record does not support a conclusion that impairments were of listing-level severity at any time prior to July 1, 2001.

R. 23. The ALJ is required to clearly articulate the reasons for his decision regarding a listed impairment. Kiernan v. Astrue, 3:12CV459-HEH, 2013 WL 2323125, at *5 (E.D. Va. May 28, 2013). "[A] conclusory statement that a condition does not constitute the medical equivalent of a listed impairment is insufficient." Id. (quoting Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 504 (3d Cir. 2009)). The ALJ's decision must provide a sufficient discussion of the evidence and explanation of its reasoning such that meaningful judicial review is possible. Id. (citing Diaz, 577 F.3d at 504).

Nevertheless, the fact "[t]hat the ALJ did not spell out every fathomable consideration is not reversible error." Smith v. Astrue, 2:11-CV-32, 2012 WL 1435661, at *6 (N.D.W. Va. Apr. 24, 2012) (citing Bledsoe v. Barnhart, 165 Fed. App'x 408, 411 (6th Cir. 2006)). A cursory explanation in step three is satisfactory so long as the decision as a whole demonstrates that the ALJ considered the relevant evidence of record and there is substantial evidence to support the ALJ's conclusion. See Smith v. Astrue, 457 Fed. App'x 326, 328 (4th Cir. 2011) (per curiam) (accepting a cursory explanation under these circumstances). A brief explanation at step three is

7

acceptable where the ALJ's discussion of the relevant medical evidence at other steps of the evaluation make clear that the ALJ considered the records relevant to the step three analysis. See id. (finding that the ALJ adequately considered the relevant portions of record at step three based on review of the ALJ's decision as a whole); McCartney v. Apfel, 28 Fed. App'x 277, 279-80 (4th Cir. 2002) (per curiam) (finding that the ALJ's step three was adequate where the record made clear that the ALJ's analyzed the claimant's conditions through the prism of step three). Thus, while it is helpful for the ALJ to individually discuss all parts of the record relevant in step three, the lack of such detail does not necessarily undermine the ALJ's ultimate conclusion. Smith v. Astrue, 2:11-CV-32, 2012 WL 1435661, at *6 (N.D.W. Va. Apr. 24, 2012) (citing Bledsoe, 165 Fed. App'x at 411). "Where the ALJ analyzes a claimant's medical evidence in one part of his decision, there is no requirement that he rehash that discussion in his Step 3 analysis." Kiernan, 2013 WL 2323125, at *6 (citing Smith v. Astrue, 457 Fed. App'x 326, 328 (4th Cir. 2000) (per curiam)); see also McCartney, 28 Fed. App'x at 279-80 (holding that the ALJ's step three analysis was not procedurally inadequate where the record made clear that the ALJ analyzed the claimant's conditions through the prism of step three).

Here, the ALJ's analysis was not sufficiently detailed in step three to allow for meaningful judicial review. Indeed, the ALJ did not provide any analysis at step three. Instead, he simply states that he considered the record and that it does not support a conclusion that Coble's impairments were of listing-level severity during the relevant time period. R. 23. This is not a cursory explanation, but an impermissible conclusory statement. The difference is dispositive. Courts have never "endorse[d] [the view] that medical evidence never need be discussed at [s]tep [t]hree if it is discussed [at a difference step] for the simple reason that the issues at each step are different." Schoofield v. Barnhart, 220 F. Supp. 2d 512, 522 (D. Md.

2002) (distinguishing McCartney, 28 Fed. App'x at 277). "[T]he court cannot endorse the principle that one or more steps in the sequential analysis may simply be skipped if a purportedly similar evaluation is performed later. Such an approach subverts the integrity of the basic framework of the five-step sequential analysis." Hair v. Astrue, 5:10-CV-309-D, 2011 WL 2681537 (E.D.N.C. June 16, 2011) report and recommendation adopted, 5:10-CV-309-D, 2011 WL 2693298 (E.D.N.C. July 11, 2011) (citations omitted).

A discussion of the relevant evidence elsewhere in the ALJ's opinion may demonstrate that, regardless of a concise discussion at step three, the ALJ fully and properly considered all the relevant evidence in his or her step three analysis.[3] However, the Commissioner cannot rely upon a discussion of the record evidence elsewhere in the opinion where, as here, the ALJ effectively skipped a step of sequential analysis in its entirety by providing no explanation whatsoever. A conclusory statement is inadequate. Kiernan, 2013 WL 2323125, at *5. The ALJ is obligated to give some explanation for his decision that Coble did not meet Listing 5.05. See id. ("At Step 3 of the sequential analysis, the ALJ must clearly articulate the reasons for his decision regarding a listed impairment . . . ."); Mathis v. Astrue, 723 F. Supp. 2d 848, 850 (E.D.N.C. 2010) (citing Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986)) ("The Fourth Circuit has held that the ALJ must explain his rationale when determining whether a plaintiff's

---

[3] "[R]emand is not warranted . . . 'where it is clear from the record which [L]isting . . . was considered, and there is elsewhere in the ALJ's opinion *an equivalent discussion of the medical evidence relevant to the [s]tep [t]hree analysis* which allows [the reviewing court] readily to determine whether there was substantial evidence to support the ALJ'[s]tep [t]hree conclusion.'" Dunford v. Astrue, BPG-10-0124, 2012 WL 380057, at*3 (D. Md. Feb. 3, 2012) (emphasis added) (quoting Schoofield v. Barnhart, 220 F.Supp.2d 512, 522 (D.Md. 2002)); see also McCartney, 28 Fed. App'x at 279 (Affirming where the ALJ not only examined the medical evidence relevant to the Listings at step four, but also did so in a manner which tracked the requirements of the step three Listings analysis). However, Listing 5.05's highly technical requirements based on objective medical measurements, see 20 C.F.R. Pt. 404, Subpt. P., App'x 1, § 5.05, would be foreign to the functional capacity inquiry of step four and no such equivalent discussion is found in the ALJ's step four analysis. R. 23-25.

specific injury meets or equals a listed impairment."). There being no such explanation in the record before me, I must recommend remand.

Upon remand, the ALJ should fully and completely consider the relevant medical evidence of record as to whether Coble met or equaled the requirements of Listing 5.05 (as that Section was in effect from December 4, 1998 through June 30, 2001), and provide a sufficiently detailed explanation of his decision as to permit meaningful judicial review.

Because I find that the ALJ failed to properly apply the five-step sequential analysis to evaluate Coble's disability claim, it is not necessary to address her other assignments of error.

## **RECOMMENDED DISPOSITION**

For the foregoing reasons, it is **RECOMMENDED** that the defendant's motion for summary judgment be **DENIED**, Coble's motion for summary judgment be **GRANTED IN PART**, and this case be **REVERSED** and **REMANDED** under sentence four of 42 U.S.C. § 405(g) with instructions to give a full and proper analysis of whether Coble meets or equals a listing under 20 C.F.R. Pt. 404, Subpt. P., App'x 1, § 5.05 (2001).

The clerk is directed to transmit the record in this case to the Honorable Michael F. Urbanski, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days. Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive upon the parties.

Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings, as well as to the conclusion reached by the undersigned, may be construed by any reviewing court as a waiver of such objection.

Enter: August 12, 2013

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge